IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GIUSEPPE "NINO" CAMPANELLA, ET AL., <br><br>  Plaintiffs, <br>  v. <br><br> JEFFREY LONGORIA, ET AL., <br><br>  Defendants. | NO. 5:04-cv-4906 RS <br><br> **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT COUNTY'S MOTION TO DISMISS** |

## I. INTRODUCTION

Plaintiffs, Giuseppe Nino Campanella, Lynette Campanella, and Guiseppe and Lynette Campanella as guardians ad litem for Domenica Campanella, Carmela Campanella, Sarina Campanella, and Guiseppe Campanella, Jr. (collectively "plaintiffs"), bring suit against three deputy sheriffs ("Sheriffs") and Santa Clara County ("County"), seeking recovery for violations of their civil rights and other state laws alleged to have occurred during the search of their residence. Defendant County moves to dismiss the claims filed against it. The motion to dismiss was heard by the Court on April 27, 2005. Following the hearing, the parties were permitted to submit supplemental briefs addressing immunity as it relates to plaintiffs' second claim for relief. Based on all papers filed to date, including the supplemental briefs and cases submitted, as well as on the oral argument of counsel, the Court grants in part and denies in part the motion to dismiss, for the reasons

set forth below.

## II. BACKGROUND

On or about September 19, 2003, plaintiffs allege that Giuseppe Nino Campanella began having chest pains, and his wife, Lynette Campanella, called 911 for the paramedics. Three deputy sheriffs responded to the call at the Campanella's residence in Gilroy. Plaintiffs allege that, although the 911 call requested medical care, the Sheriffs entered their home without consent and began searching, aided by a police dog. Plaintiffs further allege that the entire family was questioned in a threatening tone and touched in an offensive manner without permission.

On November 17, 2004, plaintiffs filed a complaint against the Sheriffs and the County, alleging violations of Title 42 U.S.C. §1983; California Civil Code § 52.1; and, various state laws. The County moves to dismiss the eight claims for relief asserted against it, specifically, claims two through nine.[1] Plaintiffs' second claim is premised on a municipal theory of liability averring that the actions by the Sheriffs in this instance are part of a pattern of ongoing constitutional violations and practices which include false arrests, illegal searches and seizures, excessive use of force, denial of counsel, and coercive interrogation. Plaintiffs further claim that the lack of an adequate supervisorial response by the County demonstrates the existence of an informal policy which tolerates the continued violation of civil rights. The third claim for relief, under California Civil Code § 52.1, alleges that the officers interfered with plaintiffs' enjoyment of their civil rights. Plaintiffs' fourth through ninth claims are based on state law and aver: (4) assault and battery; (5) intentional infliction of emotional distress; (6) false imprisonment; (7) negligence; (8) negligent selection, training, retention, supervision, investigation, and discipline; and, (9) negligent infliction of emotional distress.

Although plaintiffs oppose the majority of the motion to dismiss, they concede in their opposition brief that the eighth claim for relief based on negligent selection, training, retention, supervision, investigation, and discipline, should be dismissed. With respect to claims two, three, four, five, six, seven, and nine, however, plaintiffs oppose the motion to dismiss and argue that their complaint adequately states

---

[1] Plaintiffs' first claim is against the Sheriffs only and is not addressed in this motion to dismiss.

1  claims for relief against the County.

## III. LEGAL STANDARD

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint generally must satisfy only the minimal notice pleading requirements of Fed. R. Civ. P. 8(a)(2). That Rule requires only that the complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." <u>Potter v. Jones</u>, 319 F.3d 483, 494 (9th Cir. 2003). Unlike the practice in many states, the Federal Rules of Civil Procedure do not draw distinctions between pleading facts, ultimate facts, or conclusions of law so long as the conclusions provide defendant with at least minimal notice of the claim. <u>Jackson v. Marion County</u>, 66 F3d 151, 153 (7th Cir. 1995).

In ruling on a motion to dismiss, the court must accept as true all allegations of material fact and must construe those allegations in the light most favorable to the non-moving party. <u>Western Reserve Oil & Gas Co. v. New</u>, 765 F.2d 1428, 1430 (9th Cir. 1985). Any ambiguities must be resolved in favor of the pleading. <u>Walling v. Beverly Enterprises</u>, 476 F.2d 393, 396 (9th Cir. 1973). A complaint is subject to dismissal as a matter of law for: (1) lack of a cognizable legal theory or (2) insufficient facts stated under a cognizable theory. <u>Robertson v. Dean Witter Reynolds, Inc.</u>, 749 F.2d 530, 533-34 (9th Cir. 1984). In order to grant a motion to dismiss, it must appear to a certainty that a plaintiff would not be entitled to relief under any set of facts which could be proved. <u>Wool v. Tandem Computers, Inc.</u>, 818 F.2d 1433, 1439 (9th Cir. 1987).

## IV. DISCUSSION

A.   <u>Claim Two: Violation of 42 U.S.C. § 1983</u>

   1. <u>Monell Claim</u>

The County, relying on <u>Monell v. Dept. of Social Services</u>, 436 U.S. 658 (1978), challenges plaintiffs' Section 1983 claim on the ground that it fails to allege adequately the existence of any local governmental policy or custom that resulted in the deprivation of the federally protected rights the plaintiffs claim were violated, as required by Title 42. As plaintiffs point out, however, the Complaint does in fact contain those requisite averments. <u>See</u> Complaint at p. 7, lines 18-23.

In federal court, plaintiffs should not be held to overly stringent pleading requirements, and if the

United States District Court
For the Northern District of California

need arises, amendment is liberally granted. Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168 (1993). Applying that standard, plaintiffs have properly alleged the existence of a government policy and custom. Therefore, the motion to dismiss claim two on this basis is denied.

        2.   Sheriffs as State Officials

The County also contends that the Section 1983 claim must be dismissed as a matter of law because the Sheriffs acted as an arm of the State of California, rather than of the County, and, pursuant to the Eleventh Amendment, state officials are entitled to immunity from suit for damages in federal court, and, therefore, the County may not be held liable for the acts of the Sheriffs. McMillian v. Monroe County, 520 U.S. 781 (1997). The Supreme Court in McMillian made it clear that the question of whether an official is considered a state or county official for purposes of § 1983 is determined by state law because "[o]ur understanding of the actual function of a governmental official, in a particular area, will necessarily be dependent on the definition of the official's functions under relevant state law." Id. at 786. In 2004, the California Supreme Court in Venegeas v. County of Los Angeles, 32 Cal. 4th 820, 828-29 (2004) provided a definitive ruling on the sheriff's role not previously available to the federal courts. In Venegas, the Court held that pursuant to its evaluation of California constitutional and statutory law, "California sheriffs act as state officers while performing state law enforcement duties such as investigating possible criminal activity," therefore, a suit against a state agent should be deemed as a suit against the state of California. Id. at 836. The plaintiffs in Venegas, as in the present case, brought an action against a county and its deputies "alleging causes of action under § 1983 for unreasonable search and seizure." Id. at 826. Moreover, the deputy sheriffs in Venegas and the Sheriffs in the present matter were both charged with detaining suspects and illegally searching their home and vehicle. Id. The Venegas decision appears, therefore, to require this Court to conclude that the Sheriffs are state actors. Furthermore, the United States Supreme Court has held that state officers sued in their official capacity are not considered persons under § 1983 and are, therefore, immune from liability under the statute by virtue of the Eleventh Amendment and the doctrine of sovereign immunity. Howlett v. Rose, 496 U.S. 356, 365 (1990). Additionally, the rule exempting the state and its officers applies to officers such as sheriffs, if they were acting as state agents

4

1  with final policymaking authority over the complained-of actions. McMillian at 784-785.

2  Plaintiffs rely on an earlier Ninth Circuit decision which held that county sheriffs are local actors, as opposed to state actors and, thus, are amenable to suit in their official capacity. Brewsters v. Shasta County, 275 F.3d 803 (9th Cir. 2001).[2] Moreover, they argue that the Court must follow this decision, rather than the California Supreme Court's ruling in Venegas, because a district court is obliged to follow the rulings handed down by the appellate courts in its Circuit. See Hart v. Massanari, 266 F.3d 1155 (9th Cir. 2001) (district court may not disagree with Circuit Court of Appeals on a controlling legal issue). The County responds that, once the highest court of the state has rendered a construction of a state statute, federal courts do not have authority to construe it differently than the state's Supreme Court. Johnson v. Fankell, 520 U.S. 911, 916 (1997). They also note that the Ninth Circuit has sanctioned a district court's rejection of Circuit authority in favor of an intervening, contrary decision by a court of last resort. See Miller v. Gammie, 335 F.3d 889, 900 (9th Cir. 2003). Accordingly, they contend that the Sheriffs, as agents of the state while acting in their law enforcement roles, are entitled to immunity from a § 1983 claim under the Eleventh Amendment. Venegas at 836. As a result, the County argues that it may not be held liable for the acts of the Sheriffs.

A reasonable reading of the opinion in Miller supports the proposition advanced by the County: namely that Circuit authority may be superceded by a contrary decision of a court of last resort. The Miller court specifically addressed "....when, if ever, a district court or a three-judge panel is free to reexamine the holding of a prior panel in light of an inconsistent decision by a court of last resort on a closely related, but not identical issue." Miller v. Gammie, 335 F.3d at 899. That panel concluded that, "[I]n future cases of such clear irreconcilability, a three-judge panel of this court and **district courts** should consider themselves bound by the intervening higher authority and reject the prior opinion of this court as having been effectively overruled." Id. at 900 (emphasis added).

The instant case presents a situation where the Court is faced with clearly irreconcilable opinions,

---

[2] The Brewsters court thought it was significant, however, that the California Supreme Court had never decided the question of the sheriff's role, and based its decision on prior California case law supporting the conclusion that California sheriffs were county actors when investigating crime. Id. at 811.

one issued by the Ninth Circuit in <u>Brewsters</u>, declaring that Sheriffs do not enjoy Eleventh Amendment immunity, and the other subsequently reached by the California Supreme Court in <u>Venegas</u>, which criticizes <u>Brewsters</u> and reaches the opposite conclusion on an issue indisputably controlled by state law. <u>McMillian v. Monroe County</u>, 520 U.S. at 786 (holding that question of whether an official is considered a state or county official for purposes of § 1983 is determined by state law). It appears that this is the circumstance addressed in the <u>Miller</u> decision and, accordingly, this Court must follow the law announced by the California Supreme Court in <u>Venegas</u>. As a result, the Court finds that the County Sheriffs here acted as agents of the state while performing their law enforcement roles and, therefore, are entitled to immunity from a § 1983 claim under the Eleventh Amendment

B.	<u>Claim Three: California Civil Code § 52.1</u>

California Civil Code § 52.1 provides that whenever any person, whether or not acting under color of law, interferes by threats, intimidation, or coercion with the exercise or enjoyment of the constitutional or statutory rights of any individual or individuals secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state, a civil action may be brought under its provisions for damages. The County contends that § 52.1 does not extend to all ordinary tort actions, and that plaintiffs instead must plead coercive behavior that interfered with plaintiffs' rights. <u>Venegas</u> at 843. The County also asserts that the plaintiffs, by merely "claim[ing] their rights were violated and that officers were mean and rude while violating them," have failed to satisfy the pleading requirements for a proper § 52.1 claim. According to the County, the plaintiffs would need to aver that the County engaged in acts of intimidation or coercion with the intent of discouraging plaintiffs from exercising their constitutional rights.[3] Although the County's contention that § 52.1 does not extend to all tort actions is valid, the plaintiffs in this case have alleged unconstitutional search and seizure violations extending far beyond ordinary tort claims, and, additionally, have alleged acts by the Sheriffs which could be interpreted as intimidating and coercive. Plaintiffs satisfy the "threat, intimidation, and coercion" factor through the averments set forth in paragraphs

---

[3] The County also provides the Court with a three part test it contends plaintiffs must satisfy to prove a § 52.1 violation, however the Court does not analyze the merits of the § 52.1 claim when ruling on a motion to dismiss. <u>Western Reserve Oil</u> at 1430.

6

12 and 13 of their complaint.

> 12. When the Officers arrived at the home, they were met at the front porch by Mr. and Mrs. Camapanella and were told that everything was fine. The Officers demanded to be allowed inside the house, and Mr. and Mrs. Campanella refused. The Officers then began questioning Mr. and Mrs. Campanella in a menacing and threatening manner.
> 13. Rather than waiting for the paramedics, and with no probable cause, reasonable suspicion, nor exigency, the Officers barged into plaintiffs' home with the police dog without permission and proceeded to search the entire premises, including opening every door and looking into drawers and the like. The police dog went through every room as well. Plaintiffs were required to sit under the control of the Officers while the search was conducted."

See Complaint at p. 4.

Those averments can be fairly read to assert that the officers questioned plaintiffs in a menacing and threatening manner to preclude them from asserting their rights to be free from an illegal search. The motion to dismiss claim three, therefore, is denied.

C.     Claims Four, Five, Six, Seven and Nine Based on State Law

The County concedes that the remaining state law claims are properly pled on the grounds of *respondeat superior* liability pursuant to Government Code § 815.2. See County's Reply at p. 7. Therefore, the only question that remains before the Court is whether the individual officers are immune, since "a public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative." Cal. Govt. Code § 815.2. The County has not presented any specific immunities under California law applicable to the claims arising from assault and battery, intentional infliction of emotional distress, negligence, and negligent infliction of emotional distress. Moreover, under California Government Code § 820.4, public employees are specifically exempted from immunity in suits for false arrest or false imprisonment. See Cal. Govt. Code § 820.4. In fact, there are several cases in which officers have been sued for these identical state law claims. See eg, Martinez v. City of Los Angeles, 141 F. 3d 1373 (holding that discretionary immunity did not apply to protect police officers from liability on arrestee's tort claims of false imprisonment, negligence, and negligent infliction of emotional distress under state law); Simons v. Marin County, 682 F. Supp. 1463, 1475 (N.D. Cal.1987) (denying municipal defendants' motion to dismiss state claims for false arrest, false imprisonment, and assault). As set forth above, where the officers are not immune from suit, neither is the

7

County. See California Government Code § 815.2. Therefore, the County's motion to dismiss the remaining state law claims is denied.

## V. CONCLUSION

For the reasons set forth herein, the County's motion to dismiss is granted in part and denied in part. The second and eighth claims for relief, based on 42 U.S.C. § 1983 and negligent training and selection, respectively, are dismissed. The remainder of the motion to dismiss is denied and plaintiffs' claims based on alleged violations of California Civil Code § 52.1 and state tort law remain pending against the County.

IT IS SO ORDERED.

Dated: May 13, 2005

/s/ Richard Seeborg
RICHARD SEEBORG
United States Magistrate Judge

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN DELIVERED TO:**

Anthony Boskovich     policemisconduct@compuserve.com

Aryn Paige Harris     aryn_harris@cco.co.scl.ca.us

**Dated: May 13, 2005**                                **Chambers of Judge Richard Seeborg**

                                                        **By:    /s/ BAK**