**\*E-FILED 10/16/07\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GIUSEPPE "NINO" CAMPANELLA, et al., | NO. 04-04906 RS |
| Plaintiffs, | Consolidated With Case No. 05-1945 RS |
| v. | **ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO COMPEL** |
| JEFFREY LONGORIA, et al., | |
| Defendants. | |

## I. INTRODUCTION

Before the Court are four motions to compel brought by defendants herein. Plaintiffs filed a single consolidated opposition brief to the motions, and defendants filed a consolidated reply. For the reasons set forth below, the motions will be granted in part and denied in part.

## II. BACKGROUND

1

This action arises from an incident in which the defendant deputy sheriffs allegedly entered plaintiffs' home and violated their civil rights in the course of responding to a 911 call for medical assistance.  The consolidated case involves a second incident, some months later, when deputies entered the home to arrest plaintiff Giuseppe Campanella on domestic violence charges.  Plaintiffs Giuseppe and Lynette Campanella both allege the incidents caused severe emotional distress requiring them to seek psychiatric treatment.  They seek to recover the costs of that treatment as part of their damages.

## III. DISCUSSION

### A. Number of non-expert depositions

The Court's original scheduling order herein provided that each side could take up to 20 non-expert depositions.  When plaintiffs' original counsel withdrew, that order was vacated.  The Court's subsequent scheduling order limited each side to 10 depositions, the presumptive limit under the Federal Rules of Civil Procedure.  Defendants move to increase the permissible number of depositions per side to 25, although defendants presently anticipate one less than that limit.

The record suggests that the original 20 deposition limit was imposed in recognition of the nature of these consolidated cases and that the subsequent reduction to a 10 deposition limit was inadvertent.  Accordingly, each side shall be permitted up to 20 depositions.  As discussed at the hearing, if any party determines that it needs to exceed that number and the parties are unable to reach an agreement, the parties may present the dispute by letter briefs and the Court will decide the matter without further hearing.

### B. Lynette Campanella Privilege Issues

Defendants move to compel Lynette[1]:  (1)  to produce documents evidencing her marriage to Giuseppe; (2)  to answer any questions to which she was instructed not to respond based on the

---

[1] As is common in matters involving more than one family member with the same surname, the Court uses plaintiffs' given names to avoid confusion.

2

marital privilege, and; (3) to produce documents related to her psychotherapy.[2]

### 1. Proof of marriage

Lynette testified under oath that she and Giuseppe were married in Italy in 1999. Plaintiffs have produced a document, written in Italian, that even to an native speaker of English with no proficiency in that language appears to certify that the 1999 marriage took place. (The document is entitled "Certificato Di Matrimonio".) Defendants complain that this document is dated in 2007 and therefore cannot be a "marriage certificate" of a marriage purportedly occurring some eight years earlier.[3] Defendants have offered no evidence, however, calling into question the reliability of what appears to be an official record under Italian law and procedure. The Court is not inclined to require every person asserting the marital privilege to prove by a preponderance of the evidence, much less to any higher standard, that he or she is legally married before the privilege can apply. Lynette has made an adequate *prima facia* showing that she legally married Giuseppe in 1999, and defendants have failed to rebut that showing.[4]

### 2. Time period of privilege

It is undisputed that Lynette and Giuseppe obtained a judgment of divorce in California on September 29, 2004. In their opposition brief, plaintiffs suggest this was only a "paper" divorce, undertaken for "tax purposes," and that they have continued to cohabitate since that time without any "irreconcilable differences" or legal separation. The Court need not reach the potentially difficult question of whether the policies supporting the marital privilege should apply to parties who apparently have chosen legally to avoid the tax consequences of a marriage. In meet and confer

---

[2] Defendants request that the ruling on the latter two issues be extended to Giuseppe and his deposition as well.

[3] At the hearing, plaintiffs' counsel represented that the only additional document in plaintiffs' possession, custody, or control is a marriage certificate reflecting plaintiffs' subsequent marriage in Reno, Nevada. Counsel offered to produce that document and at the hearing was ordered to do so within five days.

[4] This is all the more so the case given that the parties are in agreement that the Campanellas obtained a divorce decree in California in 2004. Absent a prior valid marriage, there would have been no reason for such a judgment.

3

correspondence, plaintiffs' counsel conceded that the Campanellas may not claim the privilege for communications occurring after September 29, 2004. See Bernstein Declaration, Exh. 1.[5] Accordingly, the motion is granted to the extent that they refused to answer questions based on the marital privilege as to communications between 1999 and September 29, 2004, but the motion is otherwise denied.

### 3. Psychotherapy records

At the hearing, plaintiffs counsel represented that he had obtained copies of records that previously had not been in plaintiffs' personal possession. Because Lynette has waived any privacy rights she might otherwise have had in those records by putting the matter at issue, plaintiffs shall produce them within five days of the date of this order, if they have not already done so.

## C. Social Security Records

Defendants subpoenaed records from the Social Security Administration ("SSA") regarding the disability benefits Giuseppe apparently received for a condition known as "Reflex Sympathetic Dystrophy" ("RSD") between the 1990s and sometime after the incidents giving rise to these actions. The SSA has refused to produce such records without Giuseppe's consent.

As an initial matter, it is not clear that this motion was served on the SSA, the party whose compliance with the subpoena is sought. The SSA is not a party to this action that would automatically receive notice of filings through the ECF system, and no separate proof of service appears to have been filed.

Even assuming the SSA was given proper notice of this motion, however, it still will be denied. Defendants suggest that the records they seek are relevant for two reasons: (1) Giuseppe contends his RSD symptoms were aggravated by the events giving rise to these actions, and (2) sometime after those events, transpired, Giuseppe's disability benefits were discontinued "for

---

[5] The Court notes that its standing order discourages as a general matter parties from attaching copies of meet and confer correspondence to motion papers, and instead urges parties to describe those efforts by declaration. That standing order, however, does not preclude the Court from reviewing any such correspondence that may be filed, in its discretion.

4

reasons that are not entirely clear." Defendants suggest that if they communicated any information to the SSA that affected the decision to terminate Giuseppe's benefits, that would "theoretically support Campanella's conspiracy theory."[6]

As to the first point, whatever information may or may not exist in SSA records regarding Giuseppe's medical condition, it is less probative than his primary medical records, which defendants have been free to discover. Given that the SSA records potentially implicate other information in which Giuseppe has a privacy interest, their disclosure is not warranted. The second ground of claimed relevance is simply too thin a reed upon which to require production of the documents. Accordingly, this motion is denied.

D. Independent Medical Exams

At the hearing, the parties were directed to engage in further meet and confer efforts to determine what limitations would be appropriate on the independent medical exams. The parties thereafter reported that they had reached agreement on all matters related to those exams.

IV CONCLUSION

The motions to compel are granted, to the extent set forth above, and are otherwise denied.

IT IS SO ORDERED.

Dated: October 16, 2007

RICHARD SEEBORG
United States Magistrate Judge

---

[6] At the hearing, plaintiffs disavowed any intent to attempt to prove at trial that defendants had anything to do with the termination of Giuseppe's social security benefits or to seek damages based thereon.

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL
04-04906 RS

5

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

Mina Almassi     mina@maslawinc.com

Adam Richard Bernstein     bernsteinlaw@earthlink.net, jagarini@earthlink.net

Aryn Paige Harris     aryn_harris@cco.co.scl.ca.us

Stephen H. Schmid     stephen.schmid@cco.co.santa-clara.ca.us

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

| **Dated: 10/16/07** | **Chambers of Judge Richard Seeborg** |
|---|---|
| | **By:**     /s/ BAK |

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL
04-04906 RS