**\*E-FILED 1/8/08\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GIUSEPPE "NINO" CAMPANELLA, et al.,<br><br>    Plaintiffs,<br>  v.<br>JEFFREY LONGORIA, et al.,<br><br>    Defendants.<br>_____ / | NO. 04-04906 RS<br><br>Consolidated With Case No. 05-1945 RS<br><br>**ORDER RE DISCOVERY DISPUTES** |

## I. INTRODUCTION

Defendants brought several separately noticed motions regarding various discovery disputes that ultimately were all set for hearing on December 14, 2007.[1] By order entered on November 30, 2007, the Court observed, "it is apparent that the relationship between counsel is not functioning as it should." Accordingly, lead counsel for the parties were ordered to engage in an in-person, face-to-face, conference to discuss *all* then-pending discovery disputes, and to file a joint letter brief reporting the results of their meet and confer conference. The parties complied with that order. This order, therefore, addresses only the disputes remaining after that meet and confer process.

---

[1] The unopposed motion of the minor plaintiffs for the appointment of a new guardian *ad litem* was noticed for the same date and has been granted by separate order entered previously.

1

II. DISCUSSION

A. Deposition of Elisa Teel

On October 29, 2007, defendants filed a motion for a "protective order" seeking an order instructing plaintiffs' counsel to refrain from making what defendants contend were improper "speaking objections" during depositions. Defendants' motion appeared to seek an order that would apply to *all* subsequent depositions, although it only specifically listed the depositions of Elise Teel and those of plaintiffs Giuseppe and Lynette Campanella. On November 15, 2007, defendants filed a separate motion seeking the same relief with respect to the deposition of Filipinas Jovel.

The parties have now stipulated, without admission of fault on either side, that neither side will make speaking objections during any future depositions in these actions. That stipulation is appropriate and will be deemed enforceable as an order of the Court.[2] The parties have further agreed that the deposition of Filipinas Jovel will go forward.

The parties have also compromised in their meet and confer negotiations that a further deposition of Elisa Teel is appropriate. Teel, however, resides in Jackson, California, which apparently is a three and one-half hour drive each way for plaintiffs' counsel. At the hearing, defense counsel represented that his remaining questioning of Teel could be completed in one-half hour or less.

The Court has already noted the obvious breakdown in civility and cooperation between counsel. The Court cannot and will not attempt to determine whose fault initiated the breakdown, nor will the Court attempt to determine whether one side bears more responsibility than the other for the situation overall. The record does, however, reflect that plaintiffs' counsel frequently is inclined to attempt to explain the objections he interposes, and to offer suggestions as to how, in his view, questions could be better phrased. Even assuming those explanations and suggestions are offered in a good faith attempt to expedite the depositions and without any intent to "coach" the witnesses,

---

[2] Consistent with the Court's standing order, the parties may request a telephonic hearing on an emergency basis when a dispute arises during a deposition, but they should be prepared to complete the deposition to the extent possible in the event that the Court is not available to address the issue immediately.

2

1 defendants are correct that such commentary is generally improper.

2 Conversely, however, the record also shows an unnecessarily combative approach on the part
3 of defense counsel. In addition to a tendency to interrupt, defense counsel appears to vacillate
4 between, on the one hand, having no tolerance for anything that remotely could be considered a
5 "speaking objection" and, on the other hand, refusing to allow plaintiffs' counsel to stand on
6 concisely-stated objections. See, e.g. Deposition of Domenica Campanella, ¶. 86-92 (Mr. Schmidt:
7 "I don't know what you mean by that objection" . . . . Mr. Bernstein: "My objection stands . . . .
8 assumes facts not in evidence. Mr. Schmid: No, No, No, Tell me – tell me – show me the rule that
9 says I can't ask her that question without showing her the depo . . . . Cite anything other than Adam
10 Bernstein on discovery . . . .").

11 Against this backdrop, determining which party was "more" at fault when the Teel
12 deposition was terminated would serve only to condone implicitly behavior that both parties are
13 obliged to avoid. In light of defendants' representation that Teel's deposition can be completed in
14 one half-hour or less, the Court rules as follows:

15 In the event *either* side subpoenas Elisa Teel to appear and give testimony at trial, the Court
16 will require Teel to appear in San Jose for deposition of up to 1.5 hours on the morning of the day
17 she is subpoenaed to appear for trial. The Court anticipates that the parties will cooperate to
18 minimize any inconvenience to Ms. Teel and to make alternative scheduling arrangement to the
19 extent she may so prefer.

20

21     B. Deposition of Lynette Campanella

22 Defendants insist the case management order in these consolidated actions permitted them to
23 depose the Campanellas for up to 14 hours each, and that they never agreed to any lesser period of
24 time. Counting the minutes, defendants contend they have 2 hours and 58 minutes remaining to
25 depose Lynette Campanella. Plaintiffs contend that when further depositions for the Campanellas
26 were scheduled, it was understood and agreed that each deposition would be completed within one
27 day. Accordingly, plaintiffs terminated those depositions at 5:00 p.m., after having offered to take
28 shorter lunch breaks to ensure the depositions could be completed.

3

Although it does not appear that the parties ever reached any express or definitive agreement to limit the Campanellas' depositions to less than the 14 hours each permitted by the Court's case management order, the record does support plaintiffs' contention that there was at least an implied understanding that the depositions would be completed on the day of each of the continued sessions. Additionally, the presumptive limit of seven hours for a deposition is only that–a presumption. Defendants have failed to show that they have a need to depose Lynette Campanella for a full 14 hours.

That said, plaintiffs agreed in meet and confer negotiations to produce Lynette Campanella for an additional one and one half hours of testimony. At the hearing, defendants declined to concede that they needed less than the full 14 hours, but did suggest that they might be able to complete Lynette Campanella's deposition in "at least" two hours. Parties should not be asking the Court to determine whether a deposition should go forward for one and a half hours as opposed to two hours, or even 3 hours. The matter having been presented, however, the Court concludes that there is good cause to permit Lynette Campanella's depostion to resume for up to two hours.

### C. Deposition of Guissepe Campanella

Defendants contend that they have the *right* to depose Guiseppe Campanella for an additional 4 hours and 51 minutes and that they have the *need* to depose him for at least four hours. Putting aside Campanella's health issues, the Court concludes there is good cause to permit his further deposition for up to four hours. As defense counsel stated at the hearing, however, health issues are "paramount." The declaration provided by Campanella's primary care physician sufficiently establishes that requiring Campanella to submit to a further deposition in the immediate future would create an undue risk to his health.

Campanella, however, is a plaintiff in this civil action and presumably has an obligation both to appear for deposition and at trial. Accordingly, within 20 days of the date of this order, plaintiffs counsel shall submit a proposal, supported by such legal authority and factual declarations as may be appropriate, as to how and when trial in this matter shall go forward in light of Campanella's medical condition. That proposal shall include provisions for Campanella's deposition to take place

prior to trial, unless plaintiffs can show that such deposition can be legally excused.

### III. CONCLUSION

Defendants' motions are granted to the extent set forth above and are otherwise denied.

IT IS SO ORDERED.

Dated: January 8, 2008

RICHARD SEEBORG
United States Magistrate Judge

ORDER RE DISCOVERY DISPUTES
04-04906 RS

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

Mina Almassi     mina@maslawinc.com

Adam Richard Bernstein     bernsteinlaw@earthlink.net, jagarini@earthlink.net

Aryn Paige Harris     aryn_harris@cco.co.scl.ca.us

Stephen H. Schmid     stephen.schmid@cco.co.santa-clara.ca.us

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

**Dated: 1/8/08**                                    **Richard W. Wieking, Clerk**

                                                     **By:     Chambers**

ORDER RE DISCOVERY DISPUTES
04-04906 RS

6